# EXHIBIT 1
*(Settlement Agreement)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IRMA CARRERA AGUALLO, DROR HERTZ, KELVIN HOLMES, MELISSA ANTONIO, MARY MACARONIS, and GREGGORY VEECH, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| | ) | Case No. 1:21-cv-01883 |
| Plaintiffs, | ) ) | Honorable Martha M. Pacold |
| v. | ) ) | |
| | ) | **SETTLEMENT AGREEMENT** |
| KEMPER CORPORATION and INFINITY INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This Settlement Agreement, dated as of October 14, 2021, is made and entered into by and among the following Settling Parties (as defined below): Irma Carrera Aguallo, Dror Hertz, Kelvin Holmes, Melissa Antonio, Mary Macaronis, and Greggory Veech ("Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel at MASON LIETZ & KLINGER LLP; WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; and MORGAN & MORGAN COMPLEX LITIGATION GROUP ("Proposed Settlement Class Counsel" or "Class Counsel") and Kemper Corporation and Infinity Insurance Company (collectively, "Defendants" and, together with Plaintiffs, the "Parties") by and through their counsel of record, Casie D. Collignon of BAKER & HOSTETLER LLP. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

Plaintiffs allege that on December 14, 2020 and March 25, 2021, respectively, Defendants were the targets of two separate security incidents in which an unauthorized user accessed Defendants' network and computer systems and which resulted in unauthorized access of personal information (the "Project K Data Incident" and "Scraping Incident," respectively, or collectively, the "Data Incidents").  Plaintiffs allege that, as a result of the Data Incidents, an unauthorized user gained access to Plaintiffs', Defendants' customers', current and former employees', and agents' personally identifiable information, including, but not limited to, names, addresses, Social Security Numbers ("SSN"), driver's license numbers, medical leave information, and/or workers' compensation claim information (collectively, "PII").

After the Data Incidents, Defendants notified approximately 5,827,542 individuals of the Project K Incident and 324,330 individuals of the Scraping Incident, for a total of 6,151,872 notified individuals.  Defendants offered these individuals one year of free credit monitoring (or identity monitoring services for minors).

Individuals received notices of the Data Incidents between March and July 2021.  Plaintiffs Carrera Aguallo, Hertz, Holmes, Antonio, and Macaronis received their notice letters on or about March 16, 2021, as part of the Project K Data Incident.  On April 8, 2021, Plaintiffs Carrera Aguallo, Hertz, and Holmes brought suit against Defendants related to claims arising from the Data Incidents.  Thereafter, Plaintiff Antonio filed a separate, related action on April 9, 2021, and counsel for Plaintiffs learned that Plaintiff Macaronis intended to file suit as well.  After convening with counsel for Defendants, counsel in all three pending or soon-to-be-commenced actions agreed to file a Consolidated Amended Class Action Complaint on April 19, 2021.  Plaintiffs filed a Second Amended Class Action Complaint with Defendants' consent on May 26, 2021, asserting

claims relating to the Data Incidents. And on September 3, 2021, Plaintiffs filed a Third Amended Class Action Complaint, adding Plaintiff Veech as an additional named Plaintiff (the "Litigation"). Plaintiff Veech received his notice letter on or about May 25, 2021, as part of the Scraping Incident.

From the onset of the Litigation, and over the course of several months, the Parties engaged in settlement negotiations and two separate mediations. As a result of these negotiations and mediations, the Parties reached a settlement, which is memorialized in this settlement agreement ("Settlement Agreement").

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendants and the Released Persons (as defined below) relating to the Data Incidents, by and on behalf of Representative Plaintiffs and Settlement Class Members (as defined below).

## II.     CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation, as set forth in the Third Amended Class Action Complaint, have merit. Plaintiffs and Proposed Settlement Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Proposed Settlement Class Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members.

## III.   DENIAL OF WRONGDOING AND LIABILITY

Defendants deny each and all of the claims and contentions alleged against them in the Litigation.  Defendants deny all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation.  Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.  Defendants have considered the uncertainty and risks inherent in any litigation. Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.   TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class Members, Proposed Settlement Class Counsel, and Defendants that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.   Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1   "Agreement" or "Settlement Agreement" means this agreement.

1.2   "California Settlement Subclass" means all natural persons residing in the State of California who were sent notice letters notifying them that their PII was compromised in the Data

Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021. The California Settlement Subclass specifically excludes: (i) Defendants and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incidents or who pleads *nolo contendere* to any such charge.

 1.3 "California Settlement Subclass Members(s)" means a Person(s) who falls within the definition of the California Settlement Subclass.

 1.4 "Claim Form" means the form that will be used by Settlement Class Members to submit a Settlement Claim to the Claims Administrator and that is substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

 1.5 "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

 1.6 "Claims Administrator" means RG/2 Claims Administration LLC, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

 1.7 "Claims Deadline" means the postmark and/or online submission deadline for Settlement Claims pursuant to ¶ 2.3, which shall be 90 days after the Notice Commencement Date.

 1.8 "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

 1.9 "Court" means the United States District Court for the Northern District of Illinois.

1.10    "Data Incidents" means the security incidents perpetrated on Defendants on December 14, 2020 and March 25, 2021, respectively, in which an unauthorized user accessed Defendants' network and computer systems and may have accessed the personal information of Plaintiffs and Defendants' customers, current and former employees, and agents.

1.11     "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.12    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.13 herein have occurred and been met.

1.13    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.14    "Judgment" means a judgment rendered by the Court.

1.15    "Long Notice" means the long form notice of settlement to be posted on the Settlement Website (as defined below), substantially in the form as shown in **Exhibit B** to this Settlement Agreement.

1.16    The "Notice Commencement Date" means thirty (30) days after the entry of the Preliminary Approval Order.

1.17    "Objection Date" means the date by which Settlement Class Members must file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and counsel for Defendants their objection to the Settlement for that objection to be effective.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Objection Date shall be sixty (60) days after the Notice Commencement Date.

1.18    "Opt-Out Date" means the date by which Settlement Class Members must mail to the Claims Administrator their requests to be excluded from the Settlement Class for that request to be effective.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Opt-Out Date shall be sixty (60) days after the Notice Commencement Date.

1.19    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.20    "Plaintiffs" and "Representative Plaintiffs" mean Irma Carrera Aguallo, Dror Hertz, Kelvin Holmes, Melissa Antonio, Mary Macaronis, and Greggory Veech.

1.21    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class.  The Settling Parties' proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit D**.

1.22    "Proposed Settlement Class Counsel," "Plaintiffs' Counsel," and "Class Counsel" means Gary M. Klinger, Rachele R. Byrd, and Jean S. Martin of MASON LIETZ & KLINGER

LLP; WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; and MORGAN & MORGAN COMPLEX LITIGATION GROUP, respectively.

     1.23    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and all similar statutes in effect in any states in the United States; violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq.* and the California Consumers Legal Remedies Act, Cal Civ. Code § 1750, *et seq.* and similar state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the alleged access to and/or exfiltration of personal information related to the Data

Incidents or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.24    "Related Entities" means Defendants' respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incidents or who pleads *nolo contendere* to any such charge.

1.25    "Released Persons" means Defendants and their Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

1.26    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.27    "Settlement Class" means all natural persons residing in the United States who were sent notice letters notifying them that their PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021. The Settlement Class specifically excludes: (i) Defendants and their respective officers and directors; (ii) all Settlement

Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incidents or who pleads *nolo contendere* to any such charge.

1.28    "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.29    "Settling Parties" means, collectively, Defendants and Plaintiffs, individually and on behalf of the Settlement Class.

1.30    "Short Notice" means the short notice of the proposed class action settlement, substantially in the form as shown in **Exhibit C** to this Settlement Agreement.  The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice and make a claim for monetary relief.  The Short Notice will also provide Settlement Class Members with instructions on how to enroll in the Automatic Benefits explained below in ¶ 2.2.  The Short Notice will also inform Settlement Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Fairness Hearing (as defined below).

1.31    "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

1.32    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all

Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80, *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.33    "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

4833-1309-0040.15

2. **Settlement Benefits**

2.1 <u>Monetary Relief</u>. "Monetary" relief provided to the Settlement Class will contain automatic benefits provided to all Settlement Class Members as well as benefits for which Settlement Class Members can make a claim.

2.2 <u>Automatic Benefits</u>. All Settlement Class Members will be provided access to Aura's Financial Shield Services ("Aura Financial Shield" or "Shield Services") for a period of 18 months from the Effective Date of the settlement without the need to submit a Settlement Claim. This benefit will be provided with the Short Notice as a link with a redeemable code to be used directly with Aura Financial Shield. Financial fraud coverage provided through Aura Financial Shield focuses on protecting financial assets, freezing identity at 10 different Bureaus including the three main credit bureaus, home and property title monitoring, income tax protection and other services. This service is integrated with Early Warning Services to provide real-time monitoring of financial accounts. Financial Shield also carries a $1,000,000 policy protecting the subscriber. This service will be available to all Settlement Class Members for a period of 18 months with the ability of Settlement Class Members to enroll at any point during the 18 month period for the duration of the 18 month period.

2.3 <u>Claimed Benefits</u>. The parties will create a claims process through which Settlement Class Members can submit a Claim Form for reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incidents up to $10,000 per individual ("Out-of-Pocket Losses"). Out-of-Pocket Losses will include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after December 14, 2020,

through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Settlement Class Members with Out-of-Pocket Losses must submit documentation supporting their claims. This may include receipts or other documentation, not "self-prepared" by the claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

Settlement Class Members with time spent remedying issues related to the Data Incidents will receive reimbursement of $18 per hour for up to three (3) total hours with an attestation and a brief description of (i) the actions taken in response to the Data Incidents by Defendants and (ii) the time associated with each action ("Attested Time"). No separate documentation will be required. Claims made for time can be combined with claims for reimbursement for Out-of-Pocket Losses. Settlement Class Members with documented time spent remedying issues related to the Data Incidents can claim up to an additional three hours at either $18 per hour, or, if they lost work, at the rate of documented compensation up to $50 per hour ("Documented Time"). Claims made for either Attested Time or Documented Time shall together be referred as "Lost-Time Losses."

In addition to the above benefits, California Settlement Subclass Members will also be eligible for an additional benefit of $50 per California Settlement Subclass Member ("California Claim(s)"), subject to a potential *pro rata* reduction as detailed below. To redeem this $50 benefit, California Settlement Subclass Members must submit a Settlement Claim and attest that they were a California resident at the time of the Data Incident(s) about which they were notified by Defendants. This additional amount can be combined with a claim for Reimbursement for Lost-Time Losses and with a claim for reimbursement for Out-of-Pocket Losses. Reimbursement for

all Lost-Time Losses and California Claims is subject to an aggregate cap of $4,000,000. If the combined amount of claims for Lost-Time Losses and California Claims exceeds $4,000,000, each claim for Lost-Time Losses and each California Claim will be reduced on a *pro rata* basis until the total equals $4,000,000.

Settlement Class Members seeking reimbursement under this ¶ 2.3 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after commencement of mailing notice to Settlement Class Members as set forth in ¶ 3.2. The notice to the class will specify this deadline and other relevant dates described herein. The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury. Notarization shall not be required. The Settlement Class Member must submit reasonable documentation that the Out-of-Pocket Losses claimed were both actually incurred and plausibly arose from the Data Incidents. Failure to provide supporting documentation of the Out-of-Pocket Losses referenced above, as requested on the Claim Form, shall result in denial of a claim. No documentation is needed for Attested Time. If a Settlement Class Member makes a claim of Documented Time, the Settlement Class Member must submit reasonable documentation that the Documented Time claimed was both actually incurred and plausibly arose from the Data Incidents. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

2.4     <u>Business Practices Changes</u>.  Plaintiffs have received assurances that, for a period of three (3) years, Defendants will undertake certain reasonable steps to adequately secure their systems and environments, not limited to the network and/or servers that were used to store certain data and were subject to the Data Incidents.  Based on confirmatory discovery provided by Defendants (discussed below), Defendants have taken or will be taking steps listed in **Exhibit 1** to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.  Exhibit 1 will be filed under seal.

2.5     <u>Confirmatory Discovery</u>.  Defendants have provided or will provide reasonable access to confidential confirmatory discovery regarding the number of Settlement Class Members broken down by category (*e.g.*, current customer, former customer, current employee, former employee, prospective customer, etc.) and state of residence, the facts and circumstances of the Data Incidents and Defendants' response thereto, and the changes and improvements that have been made or are being made to protect class members' PII.

2.6     <u>Dispute Resolution for Claims</u>.

2.6.1  The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket Losses and/or Documented Time described in ¶ 2.3; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident(s).  The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed

losses, and claims previously made for identity theft and the resolution thereof. For any such claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those claims to the Settling Parties (one Plaintiffs' lawyer shall be designated to fill this role for all Plaintiffs). If the Settling Parties do not agree with the claimant's Settlement Claim, after meeting and conferring, then the Settlement Claim shall be referred for resolution to a claims referee, to be selected by the Parties if needed. Any costs associated with work performed by the claims referee shall be paid by Defendants.

2.6.2 Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the defective claim.

2.6.3 Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the claim is not facially valid because the claimant has not provided all information needed to complete and evaluate the claim, then the Claims Administrator may reject the claim without any further action. A defect in one claim shall not cause rejection of any other valid claim submitted by the claimant. If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the claims referee.

2.6.4 Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a

Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination. If the claimant approves the final determination, then the approved amount shall be the amount to be paid. If the claimant does not approve the final determination within thirty (30) days, then the dispute will be submitted to the claims referee within an additional ten (10) days.

        2.6.5 If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days. The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days. The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incidents. The claims referee shall have the power to approve a claim in full or in part. The claims referee's decision will be final and non-appealable. Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to cooperate shall be grounds for denial of the claim in full. The claims referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested.

        2.7    <u>Settlement Expenses</u>. All costs for notice to the Settlement Class Members as required under ¶ 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute Resolution described in ¶ 2.6, shall be paid separately by Defendants.

2.8     <u>Settlement Class Certification</u>.  The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class and the California Settlement Subclass. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class and California Settlement Subclass provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class and California Settlement Subclass had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class and California Settlement Subclass is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.     Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, Proposed Settlement Class Counsel and counsel for Defendants shall jointly submit this Settlement Agreement to the Court, and Proposed Settlement Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit D** in both terms and cost, requesting, *inter alia:*

    a)    certification of the Settlement Class and California Settlement Subclass for settlement purposes only pursuant to ¶ 2.8;

    b)    preliminary approval of the Settlement Agreement as set forth herein;

    c)    appointment of Proposed Settlement Class Counsel as Settlement Class Counsel;

    d)    appointment of Plaintiffs as Class Representatives;

e)     approval of the Short Notice to be emailed or mailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit C this Settlement Agreement;

f)     approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as Exhibit B to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the parties' respective litigation positions, statements that the settlement and notice of settlement are legitimate and that the Settlement Class Members are entitled to benefits under the settlement, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, instructions for how to obtain the Automatic Benefits, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)     approval of a Claim Form to be used by Settlement Class Members to make a claim in a form substantially similar to the one attached as Exhibit A to this Settlement Agreement; and

h)     appointment of RG/2 Claims Administration LLC, as the Claims Administrator.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Claims Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval. Immaterial revisions to these documents may also be made prior to dissemination of notice.

4833-1309-0040.15

3.2     Defendants shall pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration.   Attorneys' fees, costs, and expenses of Proposed Settlement Class Counsel, and service awards to Class Representatives, as approved by the Court, shall be paid by Defendants as set forth in ¶ 7 below.  Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

a)     *Class Member Information*: No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendants shall provide the Claims Administrator with the name and email address and/or last known physical address of each Settlement Class Member (collectively, "Class Member Information") that Defendants possess.

b)     The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time.   Except to administer the settlement as provided in this Settlement Agreement, or provide all data and information in its possession to the Settling Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c)     *Settlement Website:* Prior to the dissemination of the Class Notice, the Claims Administrator shall establish a settlement website (www.infinityclasssettlement.com) that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines

and related information ("Settlement Website"). The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the operative Third Amended Class Action Complaint filed in the Litigation; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically.

d)  *Short Notice:* Within thirty (30) days after the entry of the Preliminary Approval Order ("Notice Commencement Date") and to be substantially completed not later than forty-five (45) days after entry of the Preliminary Approval Order, and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class as follows:

•  via email to the email addresses in Defendants' possession;

•  should any Short Notice be determined to be undeliverable via email (the Claims Administrator will track delivered and undelivered emails) or, in circumstances where a working email address is not available, via mail to the postal address in Defendants' possession. Before any mailing under this paragraph occurs, the Claims Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

- in the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice;

- in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e) Publishing, on or before the Notice Date, the Claim Form, Long Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period;

f) A toll-free help line with a live operator shall be made available to provide Settlement Class Members with additional information about the settlement. The Claims Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request;

g) On or before the Notice Commencement Date, Defendants shall post on Kemper.com and https://www.infinityauto.com a link to the Settlement Website that will remain active until the Claims Deadline; and

h) Contemporaneously with seeking Final Approval of the Settlement, Proposed Settlement Class Counsel and Defendants shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

3.3 The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval. The Notice Program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be completed within forty-five (45) days after entry of the Preliminary Approval Order.

3.4 Proposed Settlement Class Counsel and Defendants' counsel shall request that after notice is completed the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

3.5 Defendants will also cause the Claims Administrator to provide (at Defendants' expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**4.       Opt-Out Procedures**

4.1       Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  The written notice must clearly manifest a Person's intent to opt-out of the Settlement Class.  To be effective, written notice must be postmarked no later than the Opt-Out Date, as defined in ¶ 1.18.

4.2       All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3       In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than 350 timely and valid Opt-Outs submitted, Defendants may, by notifying Proposed Settlement Class Counsel and the Court in writing, void his Settlement Agreement.  If Defendants void the Settlement Agreement pursuant to this paragraph, Defendants shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Proposed Settlement Class Counsel and service awards.

**5.       Objection Procedures**

5.1       Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date, as defined in ¶ 1.17. Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number, *Aguallo, et al. v. Kemper Corp. & Infinity Insurance Co.*, Case No. 1:21-cv-01883 (N.D.

Ill.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of one of the Data Incidents, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than the Objection Date, to Proposed Settlement Class Counsel, Gary M. Klinger, MASON LIETZ & KLINGER LLP, 5101 Wisconsin Avenue NW, Suite 305, Washington, DC 20016; and counsel for Defendants, Casie D. Collignon, BAKER & HOSTETLER, LLP, 1801 California Street, Suite 4400, Denver, Colorado 80202. The objector or his or her counsel may also file Objections with the Court through the Court's ECF system, with service on Proposed Settlement Class Counsel and Defendants' Counsel made through the ECF system. For all objections mailed to Proposed Settlement Class Counsel and counsel for Defendants, Proposed Settlement Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

5.2 Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means

for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

### 6.     Releases

6.1     Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted. Any other claims or defenses Representative Plaintiffs and each and all of the Settlement Class Members may have against Defendants that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incidents, the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.2     Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Settlement Class Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement.  Any other claims or defenses

4833-1309-0040.15

Defendants may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3     Notwithstanding any term herein, neither Defendants nor their Related Parties shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, and Proposed Settlement Class Counsel.

**7.     Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Representative Plaintiffs**

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service awards to Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that Defendants would pay reasonable attorneys' fees, costs, expenses, and service awards to Plaintiffs as may be agreed to by Defendants and Proposed Settlement Class Counsel and as ordered by the Court.  Defendants and Proposed Settlement Class Counsel then negotiated and agreed to the procedure described in ¶ 7.2.

7.2     Proposed Settlement Class Counsel will move the Court for an award of attorneys' fees and costs not to exceed $2,500,000, which Defendants have agreed not to oppose.  Proposed Settlement Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Proposed Settlement Class Counsel.

7.3     Subject to Court approval, Defendants have agreed not to oppose Plaintiffs' request for service awards in the amount of up to $1,500 to each of the six Representative Plaintiffs.

7.4     If awarded by the Court, Defendants shall pay the attorneys' fees, costs, expenses, and service awards to Plaintiffs, as set forth in ¶¶ 7.2, 7.3, and 7.4, within 30 days after the Effective Date.  Payment will be made to Proposed Settlement Class Counsel Rachele R. Byrd of WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP, 750 B Street, Suite 1820, San Diego, California, 92101. Proposed Settlement Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and service awards to Plaintiffs consistent with ¶¶ 7.2, 7.3 and 7.4.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the service awards to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service awards ordered by the Court to Proposed Settlement Class Counsel or Representative Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.     Administration of Claims

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.3.  Proposed Settlement Class Counsel and Defendants shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.  The Claims Administrator's and claims referee's, as applicable, determination of

whether a Settlement Claim is a Valid Claim shall be binding, subject to the dispute resolution process set forth in ¶ 2.6. All claims agreed to be paid in full by Defendants shall be deemed valid.

8.2     Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within sicty (60) days of the Effective Date or within thirty (30) days of the date tha the claim is approved, whchiever is later.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, claims referee, Defendants, Proposed Settlement Class Counsel, Representative Plaintiffs, and/or Defendants' counsel based on distributions of benefits to Settlement Class Members.

**9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)     Defendatns have not exercised their optionto terminate the Settlement Agreement pursuant to ¶ 4.3;

b)     the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

c)     the Judgment has become Final, as defined in ¶ 1.13.

9.2     If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Proposed Settlement Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Settlement Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4     In the event that the Settlement Agreement or the releases set forth in ¶¶ 6.1, 6.2, and 6.3 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Defendants shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to ¶ 2.6 above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## 10. Miscellaneous Provisions

10.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against

them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5    The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

10.6    This Settlement Agreement, including all exhibits hereto, contains the entire understanding between Defendants and Plaintiffs regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendants and Plaintiffs in connection with the payment of the Litigation settlement.  Except as otherwise provided herein, each party shall bear its own costs.  This Settlement Agreement supersedes all previous agreements made between Defendants and Plaintiffs.

10.7    Proposed Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.8    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do  so.

10.9     The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

10.10     The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.11     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.  The Court shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Claims Administrator. As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

10.12     As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

10.13     The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Illinois, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois.

10.14     All dollar amounts are in United States dollars (USD).

10.15 If a Settlement Class Member opts to receive settlement benefits via mailed check, cashing the settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Defendants shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.3 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.16 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Proposed Settlement Class Counsel

Counsel for Kemper Corporation and Infinity Insurance Company and Duly Authorized Signatory

DATED this 14th day of October, 2021

DATED this 14th day Octoberr, 2021

MASON LIETZ & KLINGER LLP

BAKER & HOSTETLER LLP

By: */s/ Gary M. Klinger*
Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
gklinger@masonllp.com

By: */s/ Casie D. Collignon*
Casie D. Collignon (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
1801 California Street
Denver, CO 80202
Telephone: (303) 860-0600
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

Rachele R. Byrd
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
byrd@whafh.com

Joshua Fliegel
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
dfriebus@bakerlaw.com

*Attorneys for Defendants*

Jean S. Martin
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: 813-559-4908
Facsimile: 813-222-4795
jeanmartin@forthepeople.com

M. Anderson Berry
**CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com

*Attorneys for Plaintiffs*

# EXHIBIT A

*(Claim Form)*

## KEMPER AND INFINITY DATA INCIDENTS SETTLEMENT CLAIM FORM

This Claim Form should be filled out and submitted by mail if you received notice that your Personal Identifiable Information was potentially compromised in the Data Incidents that occurred with Kemper Corporation and Infinity Insurance Company. You may get a payment of (1) up to $10,000 for reimbursement for documented out-of-pocket expenses and/or (2) up to 6 hours of lost time compensable at $18.00 per hour and/or (3) up to $50 if you were a California resident at the time of the Data Incidents, if you fill out this Claim Form. Please refer to the Settlement Notice posted on the settlement website, www.infinityclasssettlement.com, for more information. You may also fill out and submit a claim form on the settlement website by following the prompts.

**First**, please provide us your information so we may contact you.

First: _____ M: _____ Last: _____

Address: _____

City: _____ State: _____ ZIP: _____ Country: _____

Phone: _____ Email (*Optional*):_____ Last 4 SSN: _____

**Second**, please provide the password and username that the Claims Administrator provided to you in the letter or email notifying you of the settlement. If you do not have this information but believe you may be a class member, please contact the Claims Administrator at 1-866-742-4955.

Username: _____ Password:_____

**Third**, please describe your claimed damages. Three types of damages are available. First, you may recover certain out-of-pocket expenses incurred as a result of the Data Incidents. Second, you may recover money to compensate you for time you spent addressing the Data Incident(s). And third, you may receive a $50 payment if you are a member of the California Settlement Subclass. These expenses or time must have been incurred during the applicable time period, which is generally from the first Data Incident through the end of the claim deadline. Please refer to the settlement Notice for more information.

1. Documented Out-of-Pocket Expenses.

The types of expenses that you may claim include fees or other charges (e.g., professional fees, losses related to fraud or identity theft, credit monitoring, etc.) and other incidental expenses (e.g., postage, long distance charges, etc.) you incurred addressing the Data Incident(s). The settlement Notice describes the types of available expenses in greater detail and the documentation required to support the expenses. Please refer to that document for more information.

Documentation is required for claimed expenses. Please be sure to include documentation to expedite the processing of your claim.

| Date | Description | Amount |
|------|-------------|--------|
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |

**Documentation:** Attach supporting documentation. For example, a bank statement showing claimed fees (you may redact unrelated transactions and all but the last four digits of any account number).

2. Lost-Time Losses.

Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com

You may be eligible for reimbursement of up to three hours of lost time spent remedying issues related to the Data Incident(s) (at $18 per hour) with an attestation and brief description of the actions taken to remedy issues and the time associated with each action.

You may also be eligible for reimbursement of an additional one to three hours if you are able to document time lost remedying issues related to the Data Incident(s) (at $18 per hour or, if you lost work, at a rate of documented compensation up to $50 per hour).

At least one full hour must have been spent dealing with the Data Incident(s). Round to the nearest hour and check only one box.

How much time did you spend?  □ 1 Hour   □ 2 Hours   □ 3 Hours   □ 4 Hours   □ 5 Hours   □ 6 Hours

What did you do?

_____

_____

_____

_____

When, approximately, did this occur?

| |
|---|
| |
| |

**Documentation:** If you claim one to three hours, you must complete the following attestation and provide a description of your time spent above. **If you claim four to six hours, you must provide documentation proving the time spent and the rate of documented compensation for lost work (if claiming lost work)**.

**<u>Attestation</u>**

□ I attest under penalty of perjury that I spent the number of hours claimed above making reasonable efforts to deal with the Data Incident(s).

 Payment to California Settlement Subclass Members.

If you reside or resided in the State of California when Kemper or Infinity sent you a notice letter on or about March 16, 2021 and/or on or about May 25, 2021, notifying you that your PII was compromised in the Data Incident(s), you are eligible to claim a $50 cash payment.

| **California Address where Data Incident Notice was received** |
|---|
| |
| |

**Documentation:** The Claims Administrator may require documentation to validate your claim.

**Last,** you must certify that the information you provided above is true and accurate. Please sign the following:

I declare under penalty of perjury under the laws of the United States that the information I supplied in this Claim Form is true and correct to the best of my recollection. I understand that I may be asked to provide supplemental information by the Claims Administrator or Claims Referee before my claim will be considered complete and valid.

Print Name: _____

Signature: _____ Date: _____

Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com

* * *

**Once complete**, please mail this Claim Form and all required supporting documentation to the following address, postmarked by **[90 days from notice emailing]**:

Kemper Data Incident Settlement
c/o RG/2 Claims Administration LLC,
P.O. Box 59479
Philadelphia, PA 19102-9579

Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com

3

# EXHIBIT B

*(Long Notice)*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Kemper and Infinity Customers who were sent notice letters on or about March 16, 2021 and May 25, 2021notifying them that their Personal Identifiable Information ("PII") was compromised in the Data Incidents may be eligible for a payment from a class action settlement.**

*A federal court ordered this notice. This is not a solicitation from a lawyer.*

*Si desea recibir esta notificación en español, llámenos.*

- A settlement has been reached with Kemper Corporation and Infinity Insurance Company ("collectively, the Defendants") in a class action lawsuit about the data incidents ("the Data Incidents") that occurred on December 14, 2020 and March 25, 2021. Defendants announced the Data Incidents on or about March 16, 2021 and on or about May 25, 2021. The lawsuit was filed asserting claims against Defendants relating to the Data Incident. Defendants deny all of the claims and say they did not do anything wrong.

- Plaintiffs allege that on December 14, 2020 and March 25, 2021, respectively, Defendants were the targets of two separate security incidents in which an unauthorized user accessed Defendants' network and computer systems and which resulted in unauthorized access of personal information (the "Data Incidents"). Plaintiffs allege that, as a result of the Data Incidents, an unauthorized user gained access to Plaintiffs' and Defendants' customers', current and former employees', and agents' personally identifiable information, including, but not limited to, names, addresses, Social Security numbers, driver's license numbers, medical leave information, and/or workers' compensation claim information (collectively, "PII").

- The Settlement Class includes all residents of the United States whose information may have been affected by the Data Incidents. There is a separate Settlement Class for Settlement Class Members that are also California residents. You should have received an email or (if your email address on file did not work) a letter from the Claims Administrator if you are a member of the Settlement Class. That notification included a unique username and password for you to verify your identity to receive the settlement benefits described in this notice. If for some reason you have not received login information, but believe you are a Settlement Class Member, please call 1-866-742-4955 to verify your identity and receive further information on how to file a claim.

- The settlement provides reimbursement of up to $10,000 for out-of-pocket expenses and documented lost time that resulted from the Data Incidents for persons who file a valid claim form, as further described below. The Settlement also provides additional settlement benefits of up to $50 for Class Members who are California residents.

- You must file a Claim Form to receive a payment. You can file a claim online on this website, www.infinityclasssettlement.com, download a Claim Form and mail it, or you may call 1-866-742-4955 and ask that a Claim Form be mailed to you. The claim deadline is [90 days after notice emailing]. You must use the username and password received with your notification to verify your identity as a member of the Settlement Class. If for some reason you did not receive login

information, but believe you are a Settlement Class Member, please call 1-866-742-4955 to verify your identity and receive further information on how to file a claim.

**Your legal rights are affected even if you do nothing.**
**Read this Notice carefully.**

| Your Legal Rights & Options in this Settlement | | |
|---|---|---|
| **Submit a Claim** | You must submit a claim to get a payment. | Deadline **[90 days after notice emailing]** |
| **Ask to be Excluded** | This allows you to sue Defendants over the claims resolved by this settlement. You will not get anything from this settlement. | Deadline **[60 days after notice emailing]** |
| **Object** | Write to the Court about why you do not like the settlement. You can still get a payment. | Deadline **[60 days after notice emailing]** |
| **Do Nothing** | You get no payment but will be eligible for 18 months of credit monitoring, and you give up rights. | |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the settlement. Payments will only be made after the Court grants final approval of the settlement and after any appeals are resolved in favor of the settlement.

**Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

## WHAT THIS NOTICE CONTAINS?

**BASIC INFORMATION**..................................................................................................**Page 4**
1.  Why was this Notice issued?
2.  What is this lawsuit about?
3.  Why is this lawsuit a class action?
4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT?**...................................................................................**Page 4**
5.  How do I know if I am included in the settlement?
6.  What if I am not sure whether I am included in the settlement?

**THE SETTLEMENT BENEFITS**.....................................................................................**Page 5**
7.  What does the settlement provide?
8.  What payments are available?

**HOW TO GET BENEFITS** ...............................................................................................**Page 6**
9.  How do I get these benefits?
10. How will claims be decided?

**REMAINING IN THE SETTLEMENT** ..........................................................................**Page 7**
11. Do I need to do anything to remain in the settlement?
12. What am I giving up as part of the settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...........................................**Page 7**
13. If I exclude myself, can I get a payment from this settlement?
14. If I do not exclude myself, can I sue Defendants for the same thing later?
15. How do I exclude myself from the settlement?

**THE LAWYERS REPRESENTING YOU**........................................................................**Page 8**
16. Do I have a lawyer in this case?
17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ..........................................................................**Page 8**
18. How do I tell the Court that I do not like the settlement?
19. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** .........................................................................**Page 9**
20. When and where will the Court decide whether to approve the settlement?
21. Do I have to attend the hearing?
22. May I speak at the hearing?

**IF YOU DO NOTHING** ....................................................................................................**Page 10**
23. What happens if I do nothing?

**GETTING MORE INFORMATION**................................................................................**Page 10**
24. How do I get more information?

**Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

3

# BASIC INFORMATION

## 1.       Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement.  This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the settlement.

Judge Martha M. Pacold of the United States District Court for the Northern District of Illinois is overseeing this case.  The case is known as *Agualla, et al. v. Kemper Corporation and Infinity Insurance Company,* Case No. 1:21-cv-01883.  The person who sued is called the Plaintiff.  Kemper Corporation and Infinity Insurance Company are called the Defendants.

## 2.       What is this lawsuit about?

The lawsuit claims that Defendants were responsible for the Data Incidents that occurred, and asserts claims such as: negligence, invasion of privacy, breach of implied contract, negligence per se, breach of fiduciary duty, and breach of confidence. The lawsuit seeks compensation for people who had losses as a result of the Data Incidents.

Defendants deny all of Plaintiffs' claims and asserts it did not do anything wrong.

## 3.       Why is this lawsuit a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims.  All of these people together are the "Settlement Class" or "Settlement Class Members."  In this case, the Representative Plaintiffs are Irma Carrera Aguallo, Dror Hertz, Kelvin Holmes, Melissa Antonio, Mary Macaronis and Greggory Veech.  One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## 4.       Why is there a Settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will get compensation.  The Representative Plaintiffs and their attorneys believe the settlement is fair, reasonable, and adequate and, thus, in the best interests of the Settlement Class and its members.  The settlement does not mean that Defendants did anything wrong.

# WHO IS IN THE SETTLEMENT?

## 5.       How do I know if I am included in the settlement?

You are included in the settlement if you reside in the United States and were sent a notice letter notifying you that your PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021.  If you were affected, you should have received an email or letter notification.  Specifically excluded from the Settlement Class are: (a) Defendants and their respective officers and directors; (b) Settlement Class Members who timely and validly request exclusion from the Settlement Class (for more information about requesting exclusion see questions 13–15), (c) the Judge assigned to evaluate the fairness of this settlement; and (d) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing,

**Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

4

aiding or abetting the criminal activity occurrence of the Data Incidents or who pleads *nolo contendere* to any such charge.

---

**6.      What if I am not sure whether I am included in the settlement?**

If you are not sure whether you are included in the settlement, or have any other questions related to the Settlement, you may:

1. Call 1-866-742-4955;
2. Email info@rg2claims.com; or
3. Write to:
   Kemper Data Incidents Settlement
   c/o RG/2 Claims Administration LLC
   P.O. Box 59479
   Philadelphia, PA 19102-9579

Please do not contact the Court with questions.

# THE SETTLEMENT BENEFITS

**7.      What does the settlement provide?**

All Settlement Class Members will be provided access to Aura's Financial Shield Services for a period of 18 months from the Effective Date of the settlement without the need to submit a Settlement Claim. A link with a redeemable code to be used directly with Aura Financial Shield was provided in the Notice received from the Claims Administrator. Financial fraud coverage provided through Aura Financial Shield focuses on protecting financial assets, freezing identity at 10 different bureaus including the three main credit bureaus, home and property title monitoring, income tax protection and other services.  This service is integrated with Early Warning Services to provide real-time monitoring of financial accounts.

The settlement will also provide payments to people who submit valid claims for expenses or time incurred as a result of the Data Incidents. If for some reason you have not received unique identifier login information, but believe you are a Settlement Class Member, please call 1-866-742-4955 to verify your identity and receive further information on how to file a claim.

In addition to the above benefits, California Settlement Subclass Members will also be eligible for an additional benefit of $50 each.

---

**8.      What payments are available?**

Settlement Class Members are eligible to receive reimbursement of up to $10,000 (in total per class member) for the following categories of out-pocket expenses:

- Unreimbursed losses relating to fraud or identity theft;

- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;

- Costs associated with freezing and unfreezing credit with any credit reporting agency;

**Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

- Credit monitoring costs that were incurred on or after December 14, 2020 through the data of claim submission;

- Long distance telephone charges;

- Cell charges (if charged by the minute or the amount of data usage);

- Internet usage charges (if charged by the minute or the amount of data usage);

- Text messages (if charged by the message);

- Miscellaneous expenses such as notary, fax, postage, copying and mileage; and

- Reimbursement of up to three hours of lost time spent remedying issues related to the Data Incidents (at $18 per hour) with an attestation and brief description of the actions taken to remedy issues and the time associated with each action.

- Reimbursement of up to an additional three hours if Settlement Class Members are able to document time lost remedying issues related to the Data Incidents (at $18 per hour or, if you lost work, at a rate of documented compensation up to $50 per hour) (together "Lost-Time Losses").

- California Settlement Subclass Members will also be eligible for an additional benefit of $50 each.

All Lost-Time Losses and California Settlement Subclass Member Claims are capped in the aggregate at $4,000,000. If the total amount of valid claims exceeds $4,000,000, each approved claim will be reduced on a pro rata basis.

Reasonable documentation must be submitted with your Claim Form showing that the Data Incidents caused the costs incurred in order to receive reimbursement for out-of-pocket costs. More details are provided in the Settlement Agreement, which is available at www.infinityclasssettlement.com.

# HOW TO GET BENEFITS

## 9. How do I get benefits?

To get a payment from the settlement, you must complete a Claim Form. Please read the instructions carefully, fill out the Claim Form, provide reasonable documentation (where applicable), and submit it online or mail it postmarked no later than **[90 days after Notice emailing]**, to:

> Kemper Data Incidents Settlement
> c/o RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9579

You may submit a claim online or download a copy at www.infinityclasssettlement.com, or you may request one by mail by calling 1-866-742-4955.

## 10. How will claims be decided?

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Claims Administrator may request additional information from any claimant. If the required information is not provided timely, the claim will be considered invalid and will not be paid.

**Questions? Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

If the claim is complete and the Claims Administrator denies the claim entirely or partially, the claimant will be provided an opportunity to have their claim reviewed by an impartial Claims Referee selected by the parties.

# REMAINING IN THE SETTLEMENT

## 11. Do I need to do anything to remain in the settlement?

You do not have to do anything to remain in the settlement, but if you want a payment, you must submit a Claim Form postmarked by **[90 days after Notice emailing].**

## 12. What am I giving up as part of the settlement?

If the settlement becomes final, you will give up your right to sue Defendants for the claims being resolved by this settlement. The specific claims you are giving up against Defendants are described in paragraphs 1.23, 1.24, 1.25 and 1.32 of the Settlement Agreement. You will be releasing Defendants and all related people or entities as described in Section IV.6 of the Settlement Agreement. The Settlement Agreement is available at www.infinityclasssettlement.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the law firms listed in Question 16 for free, or you can, of course, talk to your own lawyer at your own expense.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue Defendants about issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

## 13. If I exclude myself, can I get a payment from this settlement?

No. If you exclude yourself, you will not be entitled to any benefits of the settlement. You will also not be bound by any judgment in this case.

## 14. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## 15. How do I exclude myself from the settlement?

To exclude yourself, send a letter that says you want to be excluded from the settlement in *Agualla, et al. v. Kemper Corporation and Infinity Insurance Company,* Case No. 1:21-cv-01883. Include your name, address, and signature. You must mail your Exclusion Request postmarked by [**60 days from Notice emailing**], to:

> Kemper Data Incidents Settlement
> c/o RG/2 Claims Administration LLC
> P.O. Box 59479

**Questions? Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

Philadelphia, PA 19102-9579

# THE LAWYERS REPRESENTING YOU

### 16.    Do I have a lawyer in this case?

Yes.  The Court appointed the following lawyers as Class Counsel:  Gary M. Klinger, Rachele R. Byrd, and Jean S. Martin of Mason Lietz & Klinger LLP; Wolf Haldenstein Adler Freeman & Herz LLP; and Morgan & Morgan Complex Litigation Group, respectively.

You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.    How will the lawyers be paid?

Class Counsel will request the Court's approval of an award for attorneys' fees and reasonable costs and expenses of up to $2,500,000.  Class Counsel will also request approval of an incentive award of up to $1,500.00 for each of the six Representative Plaintiffs.  Any amount that the Court awards for attorneys' fees, costs, expenses, and incentive awards will be paid separately by Defendants and will not reduce the amount of payments to Settlement Class Members who submit valid claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18.    How do I tell the Court that I do not like the settlement?

You can object to the settlement if you do not like it or some part of it.  The Court will consider your views.  To do so, you must file a written objection in this case, *Agualla, et al. v. Kemper Corporation and Infinity Insurance Company,* Case No. 1:21-cv-01883, with the Clerk of the Court at the address below.

Your objection must include all of the following information: (i) your full name, address, telephone number, and e-mail address (if any); (ii) information identifying you as a Settlement Class Member; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe applicable; (iv) the identity of all counsel representing you; (v) a statement whether you and/or your counsel will appear at the Final Fairness Hearing; (vi) your signature and the signature of your duly authorized attorney or other duly authorized representative, if applicable; and (vii) a list, by case name, court, and docket number, of all other cases in which you and/or your counsel has filed an objection to any proposed class action settlement within the last three (3) years.

Your objection must be **postmarked** no later than **[60 days after notice emailing]** to:

Clerk of the Court
United States District Court, Northern District of Illinois
219 S. Dearborn Street
Chicago, IL  60604

**Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

In addition, you must **mail** a copy of your objection to Class Counsel and Defense Counsel, postmarked no later than **[60 days after notice emailing]**:

| Class Counsel | Defense Counsel |
|---|---|
| Gary M. Klinger<br>**MASON LIETZ & KLINGER LLP**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br><br>Rachele R. Byrd<br>**WOLF HALDENSTEIN ADLER<br>   FREEMAN & HERZ LLP**<br>750 B Street, Suite 1820<br>San Diego, CA 92101<br><br>Jean S. Martin<br>**MORGAN & MORGAN COMPLEX<br>LITIGATION GROUP**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Casie D. Collignon<br>Matthew D. Pearson<br>**BAKER & HOSTETLER LLP**<br>1801 California Street<br>Denver, CO 80202<br><br>Joshua Fliegel<br>**BAKER & HOSTETLER LLP**<br>One North Wacker Drive, Suite 4500<br>Chicago, Illinois 60606 |

## 19. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the settlement and why you do not think it should be approved. You can object only if you do not exclude yourself from the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval of the settlement.

## 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [time] on **[month day, year]**, in Courtroom Room ### at the Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.infinityclasssettlement.com or call 1-866-742-4955.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for incentive awards for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 21. Do I have to attend the hearing?

**Questions? Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

9

No.  Class Counsel will present the Settlement Agreement to the Court.  You or your own lawyer are welcome to attend at your expense, but you are not required to do so.  If you send an objection, you do not have to come to the Court to talk about it.  As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 18, the Court will consider it.

| 22. | **May I speak at the hearing?** |
|-----|-------------------------------|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file an objection according to the instructions in Question 18, including all the information required.

Your Objection must be **filed** with the Clerk of the Court for United States District Court for the Northern District of Illinois no later than **[60 days after notice emailing]**.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel listed in Question 18, postmarked no later than **[60 days after notice emailing]**:

# IF YOU DO NOTHING

| 23. | **What happens if I do nothing?** |
|-----|----------------------------------|

If you do nothing, you will get no monetary benefits from this settlement, but you will be entitled to access to Aura's Financial Shield Services for a period of 18 months from the Effective Date of the settlement, if it is finally approved.  Once the settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

You must exclude yourself from the settlement if you want to retain the right to sue Defendants for the claims resolved by this settlement.

# GETTING MORE INFORMATION

| 24. | **How do I get more information?** |
|-----|-----------------------------------|

This Notice only provides a summary the proposed settlement.  Complete details about the settlement can be found in the Settlement Agreement available at www.infinityclasssettlement.com.

You may also:

1. Write to:
   Kemper Data Incidents Settlement
   c/o RG/2 Claims Administration LLC
   P.O. Box 59479
   Philadelphia, PA 19102-9579

2. Visit the Settlement website at www.infnityclasssettlement.com.

3. Call the toll-free number 1-866-742-4955.

**Questions?  Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

# EXHIBIT C
*(Short Form)*

**Kemper and Infinity Customers who were sent notice letters on or about March 16, 2021 and May 25, 2021 notifying them that their Personal Identifiable Information ("PII") was compromised in the Data Incidents may be eligible for a payment from a class action settlement.**

*A federal court ordered this notice. This is not a solicitation from a lawyer.*

*Si desea recibir esta notificación en español, llámenos.*

A settlement has been reached with Kemper Corporation and Infinity Insurance Company (collectively, the "Defendants") in a class action lawsuit about the data incidents that occurred on December 14, 2020 and March 25, 2021 (the "Data Incidents"). Defendants announced the Data Incidents on or about March 16, 2021 and on or about May 25, 2021. The lawsuit was filed asserting claims against Defendants relating to the Data Incident. Defendants deny all of the claims and say they did not do anything wrong.

**WHAT HAPPENED?** Plaintiffs allege that on December 14, 2020 and March 25, 2021, respectively, Defendants were the targets of two separate security incidents in which an unauthorized user accessed Defendants' network and computer systems and which resulted in unauthorized access of personal information (the "Data Incidents"). Plaintiffs allege that, as a result of the Data Incidents, an unauthorized user gained access to Plaintiffs' and Defendants' customers', current and former employees', and agents' personally identifiable information, including, but not limited to, names, addresses, Social Security numbers, driver's license numbers, medical leave information, and/or workers' compensation claim information (collectively, "PII").

**WHO IS INCLUDED? You received this email because Defendants' records show you are a member of the Settlement Class.** The Settlement Class includes all residents of the United States who were sent notice letters notifying them that their information was compromised in the Data Incidents. There is a separate settlement subclass for Settlement Class Members that are also California residents.

**SETTLEMENT BENEFITS.** All Settlement Class Members will be provided access to Aura's Financial Shield Services for a period of 18 months from the Effective Date of the settlement without the need to submit a Settlement Claim. A link with a redeemable code to be used directly with Aura Financial Shield is provided below.

LINK
REDEMPTION CODE

The settlement also provides reimbursement of up to $10,000 for out-of-pocket expenses and lost time that resulted from the Data Incidents for persons who file a valid claim form. The settlement also provides additional settlement benefits for Class Members who are California residents. Information on the settlement's benefits is available on the settlement website: **www.infinityclasssettlement.com**.

**CLAIM FORM.** You must file a Claim Form to receive a cash payment for out-of-pocket expenses, lost time, or the California benefit. You can file a claim online at www.infinityclasssettlement.com, download a Claim Form at the website and mail it, or you may call 1-866-742-4955 and ask that a Claim Form be mailed to you. The claim deadline is [90 days after notice emailing]. You must use the following username and password to file a Claim Form to verify your identity as a member of the Settlement Class.

Username: _____
Password: _____

If you have not received login information, but believe you are a Settlement Class Member, please call 1-866-742-4955 to verify your identity and receive further information on how to file a claim.

**OTHER OPTIONS.** If you do not want to be legally bound by the settlement, you must exclude yourself by [60 days after Notice emailing]. If you stay in the settlement, you may object to it by [60 days after notice emailing]. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website **www.infinityclasssettlement.com** or call the toll-free number for a copy of the more detailed notice. On [Month Day, Year] the Court will hold a hearing on whether to approve the settlement, Class

Counsel's request for attorneys' fees and reasonable costs and expenses of up to $2,500,000, and incentive awards of up to $1,500 for each of the six Representative Plaintiffs. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. Detailed information is available at the website and by calling the toll-free number below.

**Questions? Call 1-866-742-4955 or visit www.infinityclasssettlement.com**

# **EXHIBIT D**

*(Preliminary Approval Order)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IRMA CARRERA AGUALLO, DROR HERTZ, KELVIN HOLMES, MELISSA ANTONIO and MARY MACARONIS, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. 1:21-cv-01883 Honorable Martha M. Pacold |
| Plaintiffs, | ) ) ) | **[PROPOSED] ORDER GRANTING PLAINTIFFS'** |
| v. | ) ) ) | **MOTION FOR PRELIMINARILY APPROVAL OF THE CLASS-ACTION SETTLEMENT AND** |
| KEMPER CORPORATION and INFINITY INSURANCE COMPANY, | ) ) ) | **FOR CERTIFICATION OF A SETTLEMENT CLASS AND** |
| Defendants. | ) ) | **CALIFORNIA SETTLEMENT SUBCLASS** |

This case is before the Court on Plaintiffs Irma Carrera Aguallo's, Dror Hertz's, Kelvin Holmes', Mary Macronis', and Greggory Veech's (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated October 14, 2021 (the "Settlement Agreement"), attached hereto as Exhibit 1; the proposed Claim Form, Long Notice, and Short Notice (attached as Exhibits A, B, and C, respectively, to the Settlment Agreement); the Data Security Protocols attached as Exhibit E; the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

<u>Preliminary Approval of Settlement Agreement</u>

1.     <u>Defined Terms</u>.  For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

2.     <u>Jurisdiction</u>.  The Court has subject matter jurisdiction over the Litigation, pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Representative Plaintiffs, all Settlement Class Members, Defendants Kemper Corporation and Infinity Insurance Company (collectively, "Defendants"), and any party to any agreement that is part of or related to the Settlement.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.     <u>Stay of the Action</u>.  All proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

4.     <u>Preliminary Settlement Approval</u>.  Upon preliminary review, the Court finds that the Settlement Agreement, and the settlement it incorporates, appears fair, reasonable, and adequate.  *See generally* Fed. R. Civ. P. 23; MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004).  Accordingly, the Settlement Agreement is preliminarily approved and is sufficient to warrant sending notice to the Settlement Class.

1

<u>Class Certification</u>

5.　　Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All natural persons residing in the United States who were sent notice letters notifying them that their PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021.

6.　　Solely for purposes of the Settlement, the Court also conditionally certifies the following subclass pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("California Settlement Subclass"):

> All natural persons residing in the State of California who were sent notice letters notifying them that their PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021.

7.　　The Settlement Class and the California Settlement Subclass specifically exclude: (i) Defendants and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incidents or who pleads nolo contendere to any such charge.

8.　　Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

(a)　　the Settlement Class and the California Settlement Subclass are so numerous that joinder of all members is impracticable;

(b)　　there are questions of law or fact common to the Settlement Class and the California Settlement Subclass;

(c)　　Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class and the California Settlement Subclass;

2

      (d)     the claims of Plaintiffs are typical of those of Settlement Class Members and the California Settlement Subclass;

      (e)     common issues predominate over any individual issues affecting the members of the Settlement Class and the California Settlement Subclass;

      (f)     Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class and the California Settlement Subclass, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class and the California Settlement Subclass; and

      (g)     settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

9.     Plaintiffs Irma Carrera Aguallo, Dror Hertz, Kelvin Holmes, Melissa Antonio, Mary Macaronis, and Greggory Veech are hereby designated as representatives of the conditionally certified Settlement Class and California Settlement Subclass.

10.     The Court appoints Gary M. Klinger, Rachele R. Byrd, and Jean S. Martin of MASON LIETZ & KLINGER LLP; WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; and MORGAN & MORGAN COMPLEX LITIGATION GROUP, respectively, as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

<u>Notice to Settlement Class Members</u>

11.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Notice and the Short Notice (the "Settlement Notices"), attached to the Settlement Agreement as Exhibits B and C, respectively, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan") attached as Exhibit 1 to the Motion complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

3

12. The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement, which will be available both on the Settlement Website and by request.

13. The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

14. More specifically, the Court finds that the form, content, and method of disseminating notice to the Settlement Class as described in Paragraphs 11 and 14 of this Order: (i) comply with Rule 23(c)(2) of the Federal Rules of Civil Procedure as they are the best practicable means of notice under the circumstances, and are reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of the Litigation, the terms of the settlement, and their right to object to or opt-out of the settlement; (ii) comply with Rule 23(e) as they are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Litigation, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or opt-out of the settlement and other rights under the terms of the Settlement Agreement; (iii) constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (iv) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

15. The Court hereby orders that, within fourteen (14) days of entry of this Order, Defendants shall provide to the Claims Administrator the contact information of Settlement Class

4

Members, including names, email addresses (where available), and physical addresses, that is currently in Defendants' possession.

16.     No later than thirty (30) days from the issuance of this Order, Class Counsel shall cause the Claims Administrator to commence sending the Short Notice to each Settlement Class Member via email, if an email address is available, or through mailing to any potential Settlement Class Members for whom an email address is not available; and shall cause to be published the Long Notice available to the rest of the Class as stated in the proposed Notice Plan. All notices, including by publication, shall be complete forty-five (45) days prior to the Final Approval Hearing. Contemporaneously with seeking Final Approval of the Settlement, Settlement Class Counsel and Defendants shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

17.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Defendants pursuant to the Settlement Agreement.

18.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing

19.     Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Date" and the "Objection Date").

20.     Any Settlement Class Member who wishes to opt-out of the settlement must send to the Claims Administrator by U.S. Mail a personally signed letter, including their (a) full name; (b) current address; (c) a clear statement communicating that they elect to opt-out of the settlement, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the settlement; (d) their signature or the signature of the person authorized by law to sign on their behalf; and (e) the case name and case number of the Litigation.  A Settlement Class

5

Member can opt-out of the settlement on his or her behalf only, and shall not be allowed to opt-out on behalf another individual or group. "Mass" or "class" opt-outs are not permitted. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defemdants.

21.     To be valid, the request to opt out must be postmarked no later than the Opt-Out Deadline. The Settlement Administrator shall forward copies of any written requests to opt-out to Plaintiffs' Counsel and Defense Counsel. The Settlement Administrator shall deliver a list reflecting all timely requests to opt-out to the Parties no later than seven (7) calendar days before the Fairness Hearing.

22.     Any member of the Settlement Class who does not properly and timely opt out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

23.     The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| Defendants provide CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Defendants to Provide Contact Information for Settlement Class Members | Within 14 days after Entry of Preliminary Approval Order |
| Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 45 days after entry of Preliminary |

6

|  | Approval Order |
|---|---|
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | Within 30 days after entry Commencement of Notice program |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 60 days after Commencement of Notice Program |
| Postmark / Filing Deadline for Filing Claims | 90 days after Commencement of the Notice Program |
| Deadline for Parties to File any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Claims Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Approval Hearing |
| Final Approval Hearing | To be set by the Court and held at United States District Court for the Northern District of Illinois Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604; via Zoom; or telephonically, details of which to be provided before the Final Approval Hearing on the Settlement Website. |

24. <u>Final Approval Hearing</u>. A Final Approval Hearing shall be held before this Court on a date to be set by this Court to determine, among other things, (a) whether the Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) whether the settlement of the Litigation pursuant to the terms and conditions of the Settlement Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Litigation should be dismissed with prejudice

7

pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members who do not timely opt out of the settlement should be bound by the Release set forth in the Settlement Agreement; and (e) whether to grant Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and Incentive Awards for Plaintiffs (the "Fee Application"). Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 23 above.

25.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Date, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

26.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Settlement Class Counsel.

27.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Settlement Class Counsel's application for fees and expenses, or (d) the service award request, by serving a written objection upon Settlement Class Counsel, Defendants' counsel, and the Court.

28.     Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the settlement must provide a copy of the written objection by U.S. mail to Class Counsel and Defense Counsel (at the addresses set forth below) postmarked no

8

later than the Objection Date. Settlement Class Members or their counsel may also file Objections with the Court through the Court's ECF system, with service on Class Counsel and Defendants' Counsel made through the ECF system. Class Members who object must set forth: (a) the objector's full name and address; (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement by the objector explaining why he or she believes he or she is a Settlement Class Member); (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (d) the identity of any and all counsel representing the objector in connection with the objection; (e) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (f) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing the objector in connection with the objection. Objections must be mailed to Class Counsel and Defense Counsel as follows:

*Upon Plaintiffs' Counsel at:*

Rachele R. Byrd
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
byrd@whafh.com

Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@masonllp.com

Jean S. Martin
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
jeanmartin@forthepeople.com

9

*Upon Defense Counsel at:*

Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, Colorado 80202
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Plaintiffs' Counsel and Defense Counsel, and file said notice with the Court, no later than the date scheduled in Paragraph 23 above, or as the Court may otherwise direct.

29.    Any Settlement Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and all proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement.  The Settlement Administrator, Defense Counsel, and Class Counsel shall promptly furnish each other copies of any and all objections that might come into their possession.

30.    Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

31.    Upon entry of the Order and Final Judgment, all Settlement Class Members and/or their representatives who do not timely and properly opt-out of the settlement are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise against the Released Parties (as defined in the Settlement Agreement) in any court or tribunal asserting any of the Released Claims (as defined in the Settlement Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based on, or relating to the

10

Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendants (or against any of their related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action on behalf of Settlement Class Members who do not timely exclude themselves from the Settlement Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Litigation.

Administration of the Settlement

32. The Court hereby appoints the claims administrator proposed by the parties, RG/2 Claims Administration LLC (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing settlement benefits to Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by Defendants.

33. <u>Termination of Settlement</u>. In the event the Court does not grant final approval of the settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

11

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Litigation shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made;

(c)     Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Litigation, or in any action or proceeding, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Litigation as a class action;

(d)     Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceedings in this case, including, but not limited to, motions or proceedings seeking treatment of the Litigation as a class action;

(e)     Nothing in this Order or pertaining to the Settlement Agreement is, or may be construed as, a presumption, concession, or admission by or against Defendants that the Action meets the requisites for certification as a class action under federal or Illinois law; and

(f)     All of the Court's prior Orders having nothing whatsoever to do with the settlement shall, subject to this Order, remain in full force and effect.

34.     <u>Use of Order</u>.  This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or that any of the claims asserted in the Litigation meet the requisites for certification as a class action under federal or Illinois law. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have in the Litigation or in any other lawsuit.

12

35.     <u>Alteration of Exhibits</u>.    Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Notice, Short Notice, and other exhibits that they jointly agree are reasonable or necessary.

36.     <u>Retaining Jurisdiction</u>.  This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Settlement Class, and for any other necessary purpose.

37.     <u>Extension of Deadlines</u>.  Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class.  Settlement Class Members must check the Settlement Website regularly for updates and further details regarding settlement deadlines.


DATED: _____          _____
                                              The Honorable Martha M. Pacold
                                              UNITED STATES DISTRICT JUDG

13

# <u>EXHIBIT E</u>

*(Increased Data Security Protocols)*

## *Placeholder - Filed Provisionally Under Seal*