# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IRMA CARRERA AGUALLO, DROR HERTZ, KELVIN HOLMES, MELISSA ANTONIO and MARY MACARONIS, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-01883 |
| | Honorable Martha M. Pacold |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE CLASS-ACTION SETTLEMENT AND FOR CERTIFICATION OF A SETTLEMENT CLASS AND CALIFORNIA SETTLEMENT SUBCLASS** |
| KEMPER CORPORATION and INFINITY INSURANCE COMPANY, | |
| Defendants. | |

This case is before the Court on Plaintiffs Irma Carrera Aguallo's, Dror Hertz's, Kelvin Holmes', Mary Macronis', and Greggory Veech's (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated October 14, 2021 (the "Settlement Agreement"), attached hereto as Exhibit 1; the proposed Claim Form, Long Notice, and Short Notice (attached as Exhibits A, B, and C, respectively, to the Settlment Agreement); the Data Security Protocols attached as Exhibit E; the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

<u>Preliminary Approval of Settlement Agreement</u>

1. <u>Defined Terms</u>. For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

2. <u>Jurisdiction</u>. The Court has subject matter jurisdiction over the Litigation, pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Representative Plaintiffs, all Settlement Class Members, Defendants Kemper Corporation and Infinity Insurance Company (collectively, "Defendants"), and any party to any agreement that is part of or related to the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. <u>Stay of the Action</u>. All proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

4. <u>Preliminary Settlement Approval</u>. Upon preliminary review, the Court finds that the Settlement Agreement, and the settlement it incorporates, appears fair, reasonable, and adequate. *See generally* Fed. R. Civ. P. 23; MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004). Accordingly, the Settlement Agreement is preliminarily approved and is sufficient to warrant sending notice to the Settlement Class.

<u>Class Certification</u>

5. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All natural persons residing in the United States who were sent notice letters notifying them that their PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021.

6. Solely for purposes of the Settlement, the Court also conditionally certifies the following subclass pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("California Settlement Subclass"):

> All natural persons residing in the State of California who were sent notice letters notifying them that their PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021.

7. The Settlement Class and the California Settlement Subclass specifically exclude: (i) Defendants and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incidents or who pleads nolo contendere to any such charge.

8. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

    (a) the Settlement Class and the California Settlement Subclass are so numerous that joinder of all members is impracticable;

    (b) there are questions of law or fact common to the Settlement Class and the California Settlement Subclass;

    (c) Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class and the California Settlement Subclass;

(d) the claims of Plaintiffs are typical of those of Settlement Class Members and the California Settlement Subclass;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class and the California Settlement Subclass;

(f) Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class and the California Settlement Subclass, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class and the California Settlement Subclass; and

(g) settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

9. Plaintiffs Irma Carrera Aguallo, Dror Hertz, Kelvin Holmes, Melissa Antonio, Mary Macaronis, and Greggory Veech are hereby designated as representatives of the conditionally certified Settlement Class and California Settlement Subclass.

10. The Court appoints Gary M. Klinger, Rachele R. Byrd, and Jean S. Martin of MASON LIETZ & KLINGER LLP; WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; and MORGAN & MORGAN COMPLEX LITIGATION GROUP, respectively, as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

Notice to Settlement Class Members

11. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Notice and the Short Notice (the "Settlement Notices"), attached to the Settlement Agreement as Exhibits B and C, respectively, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan") attached as Exhibit 1 to the Motion complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

12.     The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement, which will be available both on the Settlement Website and by request.

13.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

14.     More specifically, the Court finds that the form, content, and method of disseminating notice to the Settlement Class as described in Paragraphs 11 and 14 of this Order: (i) comply with Rule 23(c)(2) of the Federal Rules of Civil Procedure as they are the best practicable means of notice under the circumstances, and are reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of the Litigation, the terms of the settlement, and their right to object to or opt-out of the settlement; (ii) comply with Rule 23(e) as they are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Litigation, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or opt-out of the settlement and other rights under the terms of the Settlement Agreement; (iii) constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (iv) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

15.     The Court hereby orders that, within fourteen (14) days of entry of this Order, Defendants shall  provide to the Claims Administrator the contact information of Settlement Class

Members, including names, email addresses (where available), and physical addresses, that is currently in Defendants' possession.

16. No later than thirty (30) days from the issuance of this Order, Class Counsel shall cause the Claims Administrator to commence sending the Short Notice to each Settlement Class Member via email, if an email address is available, or through mailing to any potential Settlement Class Members for whom an email address is not available; and shall cause to be published the Long Notice available to the rest of the Class as stated in the proposed Notice Plan. All notices, including by publication, shall be complete forty-five (45) days prior to the Final Approval Hearing. Contemporaneously with seeking Final Approval of the Settlement, Settlement Class Counsel and Defendants shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

17. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Defendants pursuant to the Settlement Agreement.

18. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing

19. Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Date" and the "Objection Date").

20. Any Settlement Class Member who wishes to opt-out of the settlement must send to the Claims Administrator by U.S. Mail a personally signed letter, including their (a) full name; (b) current address; (c) a clear statement communicating that they elect to opt-out of the settlement, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the settlement; (d) their signature or the signature of the person authorized by law to sign on their behalf; and (e) the case name and case number of the Litigation. A Settlement Class

Member can opt-out of the settlement on his or her behalf only, and shall not be allowed to opt-out on behalf another individual or group. "Mass" or "class" opt-outs are not permitted. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defemdants.

21. To be valid, the request to opt out must be postmarked no later than the Opt-Out Deadline. The Settlement Administrator shall forward copies of any written requests to opt-out to Plaintiffs' Counsel and Defense Counsel. The Settlement Administrator shall deliver a list reflecting all timely requests to opt-out to the Parties no later than seven (7) calendar days before the Fairness Hearing.

22. Any member of the Settlement Class who does not properly and timely opt out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

23. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| Defendants provide CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Defendants to Provide Contact Information for Settlement Class Members | Within 14 days after Entry of Preliminary Approval Order |
| Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |

7

| Notice Program Concludes | Within 45 days after entry of Preliminary Approval Order |
| --- | --- |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | Within 30 days after Commencement of Notice program |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 60 days after Commencement of Notice Program |
| Postmark / Filing Deadline for Filing Claims | 90 days after Commencement of the Notice Program |
| Deadline for Parties to File any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Claims Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Approval Hearing |
| Final Approval Hearing | March 15, 2022 at 10:00 a.m. CDT, telephonically; dial toll-free call-in number (888) 684-8852; followed by the conference access code: 9482028#. These details to be provided before the Final Approval Hearing on the Settlement Website. |

24. <u>Final Approval Hearing</u>. A Final Approval Hearing shall be held before this Court on March 15, 2022 at 10:00 a.m. CDT, telephonically (at dial-in information in Paragraph 23 above), to determine, among other things, (a) whether the Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) whether the settlement of the Litigation pursuant to the terms and conditions of the Settlement Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Litigation should be dismissed with prejudice pursuant to the terms of the

Settlement Agreement; (d) whether Settlement Class Members who do not timely opt out of the settlement should be bound by the Release set forth in the Settlement Agreement; and (e) whether to grant Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and Incentive Awards for Plaintiffs (the "Fee Application"). Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 23 above.

25. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Date, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

26. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Settlement Class Counsel.

27. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Settlement Class Counsel's application for fees and expenses, or (d) the service award request, by serving a written objection upon Settlement Class Counsel, Defendants' counsel, and the Court.

28. Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the settlement must provide a copy of the written objection by U.S. mail to Class Counsel and Defense Counsel (at the addresses set forth below) postmarked no

9

later than the Objection Date. Settlement Class Members or their counsel may also file Objections with the Court through the Court's ECF system, with service on Class Counsel and Defendants' Counsel made through the ECF system. Class Members who object must set forth: (a) the objector's full name and address; (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement by the objector explaining why he or she believes he or she is a Settlement Class Member); (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (d) the identity of any and all counsel representing the objector in connection with the objection; (e) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (f) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing the objector in connection with the objection. Objections must be mailed to Class Counsel and Defense Counsel as follows:

> *Upon Plaintiffs' Counsel at:*
>
> Rachele R. Byrd
> **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
> 750 B Street, Suite 1820
> San Diego, CA 92101
> byrd@whafh.com
>
> Gary M. Klinger
> **MASON LIETZ & KLINGER LLP**
> 227 W. Monroe Street, Suite 2100
> Chicago, IL 60606
> gklinger@masonllp.com
>
> Jean S. Martin
> **MORGAN & MORGAN COMPLEX LITIGATION GROUP**
> 201 N. Franklin Street, 7th Floor
> Tampa, FL 33602
> jeanmartin@forthepeople.com

*Upon Defense Counsel at:*

Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, Colorado 80202
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Plaintiffs' Counsel and Defense Counsel, and file said notice with the Court, no later than the date scheduled in Paragraph 23 above, or as the Court may otherwise direct.

29. Any Settlement Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and all proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement. The Settlement Administrator, Defense Counsel, and Class Counsel shall promptly furnish each other copies of any and all objections that might come into their possession.

30. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

31. Upon entry of the Order and Final Judgment, all Settlement Class Members and/or their representatives who do not timely and properly opt-out of the settlement are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise against the Released Parties (as defined in the Settlement Agreement) in any court or tribunal asserting any of the Released Claims (as defined in the Settlement Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based on, or relating to the

11

Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendants (or against any of their related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action on behalf of Settlement Class Members who do not timely exclude themselves from the Settlement Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Litigation.

## Administration of the Settlement

32. The Court hereby appoints the claims administrator proposed by the parties, RG/2 Claims Administration LLC (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing settlement benefits to Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by Defendants.

33. <u>Termination of Settlement</u>. In the event the Court does not grant final approval of the settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Litigation shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made;

(c) Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Litigation, or in any action or proceeding, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Litigation as a class action;

(d) Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceedings in this case, including, but not limited to, motions or proceedings seeking treatment of the Litigation as a class action;

(e) Nothing in this Order or pertaining to the Settlement Agreement is, or may be construed as, a presumption, concession, or admission by or against Defendants that the Action meets the requisites for certification as a class action under federal or Illinois law; and

(f) All of the Court's prior Orders having nothing whatsoever to do with the settlement shall, subject to this Order, remain in full force and effect.

34. <u>Use of Order</u>. This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or that any of the claims asserted in the Litigation meet the requisites for certification as a class action under federal or Illinois law. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have in the Litigation or in any other lawsuit.

35. <u>Alteration of Exhibits</u>. Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Notice, Short Notice, and other exhibits that they jointly agree are reasonable or necessary.

36. <u>Retaining Jurisdiction</u>. This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Settlement Class, and for any other necessary purpose.

37. <u>Extension of Deadlines</u>. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement Website regularly for updates and further details regarding settlement deadlines.

DATED: October 27, 2021

/s/ Martha M. Pacold
The Honorable Martha M. Pacold
UNITED STATES DISTRICT JUDGE