IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRMA CARRERA AGUALLO, DROR HERTZ, KELVIN HOLMES, MELISSA ANTONIO, MARY MACARONIS, and GREGGORY VEECH, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KEMPER CORPORATION and INFINITY INSURANCE COMPANY, <br><br> Defendants. | Case No. 1:21-cv-01883 <br><br> Honorable Martha M. Pacold |

**FINAL APPROVAL ORDER AND JUDGMENT**

Before the Court is Plaintiffs' motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiffs Irma Carrera Aguallo, Dror Hertz, Kelvin Holmes, Mary Macaronis, and Greggory Veech ("Plaintiffs" or "Settlement Class Representatives") and Defendants Kemper Corporation and Infinity Insurance Company (collectively, "Defendants" and, together with Plaintiffs, the "Parties") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the Settlement, as well as the fees motion, preliminary approval motion, and all papers and pleadings on file in this matter, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine

with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** 18th day of March 2022,

**ORDERED** that:

1. The Settlement involves allegations in Plaintiffs' Third Amended Class Action Complaint (ECF No. 30) that Defendants failed to safeguard and protect the personally identifiable information of consumers and that this alleged failure caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On October 27, 2021 the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a settlement class and California settlement subclass in this matter, including defining the classes, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5. In the Order Granting Plaintiffs' Motion for Preliminary Approval of the Class-

Action Settlement and for Certification of a Settlement Class and California Settlement Subclass (ECF No. 43), pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Classes, defined as follows:

> **Settlement Class:**
> All natural persons residing in the United States who were sent notice letters notifying them that their PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021.
>
> **California Settlement Subclass:**
> All natural persons residing in the State of California who were sent notice letters notifying them that their PII was compromised in the Data Incidents announced by Defendants on or about March 16, 2021 and on or about May 25, 2021.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate and meets the requirements of Rule 23.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the Settlement terms in the Settlement Agreement, for:

   a. A process for Settlement Class Members to submit claims for compensation that will be evaluated by a Claims Administrator mutually agreed upon by Settlement Class Counsel and Defendants and approved by this Court.

   b. Automatic provision of Aura Financial Shield Services to all Settlement Class Members.

   c. Defendants to pay all Notice and Claims Administration costs.

   d. Defendants to pay a Court-approved amount for attorneys' fees, costs, and expenses of Settlement Class Counsel not to exceed $2,500,000.

   e. Defendants to pay a Service Award of $1,500 to each of the Representative Plaintiffs.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys,

and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payments to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

11. As of the final date of the Opt-Out Period, 43 potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. Those persons—identified at Exhibit A hereto—are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12. The Court, having reviewed the three objections lodged to the Settlement (ECF Nos. 48 & 51, Exh. C), finds they are without merit and do not provide valid grounds for denying approval. The objectors here appear to object only to the sufficiency of monetary relief. None of the objectors acknowledge the $10,000 available to all Settlement Class Members for out-of-pocket losses, lost time and cash payments, and none of them submit evidence that their damages have surpassed that amount or that they would be entitled to any greater amount absent the Settlement. Furthermore, the 18 months of credit monitoring and identity theft protection services were specifically negotiated to provide Settlement Class Members with coverage for any harms they suffer due to the Data Incidents. Moreover, any Settlement Class Member here had the opportunity to exclude themselves from the Settlement and independently seek compensation.

Objections to the amount of a settlement are not grounds to deny final approval. *See e.g., Snyder v. Ocwen Loan Servicing*, LLC, No. 14 C 8461, 2019 WL 2103379, at *9 (N.D. Ill. May 14, 2019) (overruling various objections because "objectors' reservations about the amount of the settlement could have been resolved by simply opting out of the class and filing separate suit"); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 321 (N.D. Cal. 2018) (overruling 28 objections that claimed "the Settlement is too low or otherwise insufficient;" "the positive response from the Class favors approval of the Settlement."); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 497 (N.D. Ill. 2015) (overruling 20 objections that claimed the settlement was inadequate because "[a] class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."); *Browne v. Am. Honda Motor Co.*, No. 09-CV-06750-MMM, 2010 WL 9499072, at *15 (C.D. Cal. July 29, 2010) (overruling 117 objections in a class of only 740,000 because "[t]he fact that there is opposition does not necessitate disapproval of the settlement. Instead, the court must independently evaluate whether the objections being raised suggest serious reasons why the proposal might be unfair."). The objections are therefore overruled.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and the claims referee shall implement the Settlement in the manner and time frame as set forth therein.

15. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendants and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq*., and all similar statutes in effect in any states in the United States as defined below; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*., and all similar statutes in effect in any states in the United States; violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq*. and the California Consumers Legal Remedies Act, Cal Civ. Code § 1750, *et seq*. and similar state consumer-protection statutes; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the alleged access to and/or exfiltration of personal information related to the Data Incidents or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.

16. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in this Order as having timely and validly requested exclusion from the Settlement Class.

17. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiffs and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-

borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel, other plaintiff's counsel who have asserted claims in the Litigation, and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims.

18. Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees Award, Expense Reimbursement, and Service Awards to Representative Plaintiffs (ECF No. 46) is granted. The Court awards Plaintiffs' counsel attorneys' fees and expenses in the amount of $2,500,000 and approves a $1,500 service award for each of the six Representative Plaintiffs. The allocation of attorneys' fees and expenses among counsel shall be left to the sole discretion of court-appointed Class Counsel (Rachele R. Byrd, Jean S. Martin, and Gary M. Klinger).

19. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

20. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

Done and ordered this 18th day of March, 2022.

/s/ Martha M. Pacold
**The Honorable Martha M. Pacold**

**EXHIBIT A**

1. Vincent Bass
2. Karina Galoian
3. Susan Rain
4. Dorothy Emerson
5. Devon McPherson
6. Ronald Simpson
7. Martha Gutierrez
8. Jose Gutierrez
9. Arcelia Gutierrez
10. Stephen Backer
11. Charles Eldridge
12. Louis Peters
13. Lola Nelson
14. Kristal Rodriguez
15. Andreia DeCosta
16. Ronald Garcia
17. Steve Crothamel
18. Guirlene Gourdet Ledan
19. Laylah Seda
20. Lauren Page
21. Maureen McCafferty

22. Mario Mollinedo

23. Margie DeJesus

24. Mathis Hodge

25. Dastan Tashimbetov

26. Caitlyn Aument Ramsey

27. Karen Aument

28. Michael Aument

29. Zbynek Gold

30. Charles Gold

31. Faith Gold

32. Lucia Gold

33. Jacquez Luis Pantaleon

34. Andre Lopez

35. Karen Summers

36. Rafael Olivares

37. Dean Bales

38. Russell Bornheimer

39. Lashay Broussard

40. Victor Zarraga

41. Susana Yakoubian Samarjian

42. Harriet Jackson

43. Tamara Nanes